JOSÉ A. PIÑEIRO DURÁN and his wife JULIA ALFARO, Appellants, v. THE REGISTRAR OF PROPERTY OF RÍO PIEDRAS, Respondent.

No. 1305. Submitted October 1, 1953.—Decided October 30, 1953.

428

*J. López del Valle* for appellants.   The respondent Registrar appeared by brief.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

A deed of sale of a property located at Sabana Llana Ward of Río Piedras was presented for registration to the Registrar of Property of Río Piedras.   It is set forth in the instrument that this property was the remainder of a series of segregations made from a principal estate having an area of one cuerda and ten hundredths.   The principal property of a cuerda and ten hundredths is described in the deed giving its boundaries, but not the boundaries of the remaining property, the object of the sale.   In view of the failure to state the area and the boundaries of the remainder, the Registrar flatly denied the record of the real property and entered a cautionary notice of 120 days in favor of the purchasers.   The latter have brought an administrative appeal to this Court, challenging the Registrar's action in denying registration.   The petitioners admit that the instrument is defective for failure to set forth the boundaries and the area of the property but they allege that at most it is a curable defect and not one so incurable as to warrant the refusal to record.   They allege that the deed should have been recorded subject to that curable defect, and that the Registrar erred in flatly denying registration.[1]

---

[1] Petitioners further allege that by virtue of § 19 of the Mortgage Law the Registrar is bound to communicate in writing to the persons seeking the admission to record or to the notary the defect involving the

■ Petitioners are correct. Article 65 of our Mortgage Law provides the following:

"Curable defects shall be those which affect the validity of an instrument without necessarily producing the nullity of the obligation therein constituted.

"Registrars shall not suspend the record, entry or cancellation of any instrument by reason of curable defects. The defects which the instrument may have shall be set forth in the record and whenever the necessary documents are presented for correcting the defects in the instrument, such correction shall be set forth by means of a marginal note.

"Incurable defects shall be such as necessarily render the, obligation null and void.

"From the classification of curable defects made by the registrars, the interested party may appeal to the Supreme Court for final decision. The Supreme Court shall confirm or revoke the ruling of the registrar and the latter shall proceed in accordance with said decision."

Pursuant to § 9 of the Mortgage Law every entry made in the registry shall contain the nature, location, and boundaries of the real property which is the subject of the record, and its area. The deed in question does not fulfill those requisites. However, the failure to set forth the boundaries of the remaining property segregated from the principal property is a defect which affects the validity of the title but which does not necessarily produce the nullity of the obligation constituted therein. It is a defect which may be easily cured by subsequent instruments which may be submitted to the Registrar. It is not a defect of such a transcendental nature as to render the title definitively unrecordable, since the defect pointed out merely amounts to an omission of the area of the recordable right, a right which could be subsequently determined by specifying the boundaries. Roca Sastre, *Derecho Hipotecario*, Vol. 2,

legality of the instrument before he makes the corresponding entry. We need not discuss this point, since the Registrar's note should be reversed on the grounds set forth in our opinion.

pp. 23, 24. It is not a case of nonexistence of the essential or integral elements. Roca Sastre, *op. cit.*, p. 25.

The question raised in this appeal has already been decided by this Court. In *Rosado* v. *Registrar*, 68 P.R.R. 557, 562, 563, the following is stated:

"The lack of boundaries is not sufficient reason to deny recordation, since such a lack is a curable defect. As we said in *Municipality of Salinas* v. *Registrar*, 52 P.R.R. 76, 77: 'This court has held in numerous cases that the statement of the boundaries and area of a property is an essential requisite which must appear in the record made in the registry of property, ànd that the failure to comply with said requisites constitutes a curable defect.' And this assertion is buttressed by the authority of cases of this Court and Volume 2 of the *Comentarios a la Legislación Hipotecaria* of Morell y Terry, page 111."

In Barraschina, *Derecho Hipotecario y Notarial*, Vol. 1 p. 210, some decisions of the General Directorate of Registries of Spain are cited to the effect that the omission of the boundaries of a property is a curable and not an incurable defect which might definitively bar the registration of the title presented.

■■ The Registrar cites the case of *Ruiz* v. *Torres*, 61 P.R.R. 1, where the following is decided:

"The best practice to be followed when selling the remainder of an estate, the area of which has been reduced by virtue of segregations, is to describe the original estate just as it appears from the registry, state the segregations, and sell said remainder stating its boundaries.

"A deed of sale of the remainder of a property after segregations, in which the original estate is not described as it appears from the registry, and in which the segregations made from said property are not stated but only the boundaries of the remainder that has been sold, does not comply with the requisites established by §§ 9 and 21 of the Mortgage Law in regard to recordation, and cannot be recorded."

In the latter case the court affirmed a Registrar's note which denied the registration of a deed that failed to set forth the boundaries of the original estate, from which the property

submitted to registration had been segregated. This Court stated that the deed did not comply with the requisites established by § § 9 and 21 of the Mortgage Law for failure to set forth the boundaries, holding that the registration is void when it lacks this requisite. Irrespective of the fact that in *Ruiz* v. *Torres, supra,* the failure to state the boundaries referred to the original estate and not to the segregated property, we understand that the doctrine laid down in *Ruiz* v. *Torres, supra,* is inconsistent with the ruling established in the subsequent case of *Rosado* v. *Registrar, supra,* and that the former case should be overruled. The failure to set forth the boundaries is not such a fatal defect as to bar the registration of the title. Such omission warrants a mere entry of a curable defect.

The doctrine laid down in the case of *Ruiz* v. *Torres, supra,* was based on § § 9 and 30 of the Mortgage Law. Article 9 provides as follows:

"Article 9:—Every record made in a registry shall set forth the following details.:

"1. The nature, location and bounds of the real property the subject of record, or which is affected by the right to be recorded, and its area according to the standard used in the country and its· equivalent in the metric decimal system, and the name and number· of the estate, if shown in the instrument.

"2. The nature, extent, conditions and charges · of · any kind of the right recorded and its value if it appear in the instrument.

"3. The nature, extent, conditions and charges of the right upon which that the subject of the record is constituted.

"4. The nature of the instrument to be recorded, and its date.

"5. The name and surname of the person, if it be a specific person, and otherwise the name of the corporate body or the collective name of the persons interested in whose favor the record is made.

"6. The name and· surname of the person, or the name of the corporate body or legal entity from whom the property or rights ·to be recorded are immediately derived.

"7. The name and residence of the court; notary or official who authenticated the deed to be· recorded.

"8. The date of the filing of the instrument in the registry, with a statement of the exact hour.

"9. The agreement of the record with the copy of the instrument from which taken; and if the instrument be one which is to be kept in the office of the registry, an indication of the package in which filed.

"10. The date of the record and the full signature of the registrar."

As may be seen § 9 contains ten subdivisions, and each of them sets forth different circumstances which are considered essential for registration. The first subdivision includes four circumstances, that is, the nature, location, boundaries and area of the real property. Article 30 provides the following:

"The records of the instruments mentioned in articles 2 and 5 shall be void if they do not set forth the circumstances mentioned in subdivisions 1, 2, 3, 4, 5, 6, and 8 of article 9, and subdivision 1 of article 13."

It could be argued that a record would be void if it lacks one of the circumstances listed in subdivision 1 of § 9, for example, the boundaries, and that, therefore, the failure to set forth the boundaries in the title would render the registration void, the title not being recordable in any manner whatever. However, § 32 of the Mortgage Law clarifies the situation. It provides as follows:

"The record shall be understood to lack some of the details mentioned in the subdivisions and articles cited in article 30, not only when it fails to mention *all the requisites set forth in each of such articles or subdivisions,* but also when they are expressed so inaccurately that a third person could thereby be lead into error as to the object of the same and suffer loss in consequence thereof.

"When the inaccuracy is not material, in accordance with the provisions of the foregoing paragraph, or when the omission does not include all the details set forth in some of said subdivisions or articles, the record shall not be declared null and void unless it should cause an error and loss." (*Italics ours.*)

It is obvious that the record would not be void merely because it fails to mention one of the circumstances expressed in subdivision 1 of § 9. Under § 32, the nullity is only produced by the omission of all the circumstances set forth in subdivision 1, that is, the failure to mention not only the boundaries, but also the nature, location and area of the real property. If the nature and the location of the property are set forth in the title, the record would not be void for failure to mention the area or the description of the boundaries. That is the view taken by the commentators. In Morell, *Legislación Hipotecaria*, Vol. 2, p. 583, the following is stated:

"...For a record of an instrument to be void for *omission* of circumstances, it is not necessary, as might be believed by reading Article 30 in isolation, that all the circumstances included in *all* the subdivisions, from number 1 to 6 and number 8 of Article 9 be lacking, but only as Article 32 clearly states, all the circumstances included in *any one* of the aforesaid numbers."

In Galindo and Escosura, *Legislación Hipotecaria*, Vol. 2, p. 341, fourth edition, the following is stated:

"Article 30 should be explained, whenever possible, in a maner which will not offend the common sense, and the latter refuses to consider valid registration of rights which do not state them or which do not set forth in favor of whom they are recorded or the title of acquisition. That is why we believe it is true that Article 30 is intended to mean that the records shall be void when they lack *all* the circumstances included in each subdivision listed as essential for the validity of an entry.

"When only *one* of the circumstances of a subdivision is lacking, its omission does not usually affect the validity of the entry; the object of the subdivision is better served if details are set forth more minutely; but although a circumstance is not set forth, if the other circumstances are stated, the purpose of the law is amply fulfilled without implying that the ones omitted are useless and merely supplementary."

Article 30 of the Spanish Mortgage Law has been recently amended so as to provide that records of instru-

ments shall be void if they do not contain, or state with substantial accuracy, one of the details mentioned in § 9. The Spanish Mortgage Law prior to that amendment coincides with our law to the effect that records of instruments shall be void whenever they fail to state each and everyone of the circumstances mentioned, for example, in subdivision 1 of § 9. The amendment introduced to § 30 in Spain has deserved the criticism of a distinguished commentator. In Roca Sastre, *op. cit.*, Vol. 3, p. 332, the following is stated:

"As it may be seen, the system adopted by the new law is radical. It well deserves an unfavorable criticism. But in any event, it may also be criticized because it has not followed the formula which—inspired in Article 75 of the law and in view of Article 21 thereof—established the nullity of the records, when by omission or material inaccuracy of the necessary circumstances a party *could not obtain information* as to the names of the executing parties of the recorded instrument, or of the property or of the right sought to be recorded.

"The present Article 30 of the law, is radical beyond limits. It is well to have eliminated the condition of when a loss is suffered or might be suffered, which was established in certain cases by Article 32 of the former Mortgage Law, and even the condition of when error was caused; but it is extravagant to declare void records of instruments which lack or state with material inaccuracy *any circumstance* of the ones mentioned in the subdivisions of Article 9 of the law. It was intended to simplify the former system of the law but perhaps they have gone too far, making Article 30 of the present law excessively harsh."

Although the deed involved in the case at bar fails to state both the area and the boundaries of the remainder of the principal property, it does state, however, the nature and location of the remainder. Only two of the four circumstances mentioned in subdivision 1 of § 9 are omitted. As we have already seen, the omission of those two circumstances constitute a curable defect but it shall not render the record null and void. In the afore-mentioned deed

the original estate from where the property in question was segregated is described amply, including its nature, location, boundaries and area. The different segregations made from the original estate up to the last segregation involved in this proceeding, are also described in the deed and appear in the Registry. Therefore the Registry offers sufficient information to third parties to avoid any loss by virtue of any possible lack of knowledge as to the general description of the segregated property.

The Registrar's note will be reversed.

Mr. Justice Marrero did not participate herein.